**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 15-cv-0560-WJM-MJW

ROBERT STAMEY,

     Plaintiff,

v.

NATIONAL GENERAL INSURANCE CO.,

     Defendant.

---

## ORDER DENYING MOTION TO REMAND

---

Plaintiff Robert Stamey ("Plaintiff") initiated this action on February 12, 2015 in the District Court for El Paso County, Colorado, and Defendant National General Insurance Company ("Defendant") filed a Notice of Removal on March 19, 2015.  (ECF No. 1.)  This matter is before the Court on Plaintiff's Motion to Dismiss and Remand Back to the State Court.  (ECF No. 14.)  Defendant filed a response to the Motion on June 10, 2015.  (ECF No. 20.)  No reply was filed.  For the reasons set forth below, the Motion is denied.

### I.  LEGAL STANDARD

District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the suit is between citizens of different states.  28 U.S.C. § 1332(a).  If, as here, "the in-state plaintiff wishes to remain in state court, all it needs to do is to refrain from alleging any particular sum in its prayer for relief . . ., and . . . the defendant is required to prove jurisdictional

facts by a 'preponderance of the evidence' such that the amount in controversy may exceed $75,000." *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008).  Once the defendant puts forth facts indicating that the jurisdictional amount is satisfied, he is entitled to remain in federal court unless it is "legally certain" that less than $75,000 is at stake.  *Id*. at 954.

In doing so, the defendant may rely on an estimate of the potential damages from the allegations in the complaint.  *Id*. at 955.  A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal.  *Id*.  Moreover, a plaintiff's proposed settlement amount "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."  *Id*. at 956.  "If the amount is uncertain then there is potential controversy, which is to say that at least $75,000 is in controversy in the case."  *Id*. at 954.  Put differently, once the facts have been established, uncertainty about whether damages will exceed the threshold does not justify dismissal.  *Id*. at 955.

## II.  ANALYSIS

Plaintiff argues that the underlying basis of this lawsuit is Plaintiff's claim against Defendant, Plaintiff's insurer, for $25,000 in underinsured motorist ("UIM") coverage. (ECF No. 14 at 1.)  The Complaint alleges that Defendant unreasonably delayed payment of the UIM benefits in violation of Colorado Revised Statutes §§ 10-3-1115 and 1116, and that Defendant breached its duty of good faith and fair dealing.  (ECF No. 3 at 7.)  However, after this action was removed, Defendant paid Plaintiff the underlying $25,000 in UIM benefits.  (ECF No. 14 at 1.)  Plaintiff argues that because

the UIM benefits have been paid, the remaining amount in controversy is less than the

jurisdictional threshold in diversity cases of $75,000.  (*Id*. at 2.)  Plaintiff states that he

seeks $50,000, plus damages from the bad faith claim, which combined would be less

than $75,000.  (*Id.*)  Thus, Plaintiff requests that the Court remand this action to the

District Court for El Paso County.  (*Id.*)

Plaintiff underestimates Defendant's potential liability based on the theories of

liability present in the Complaint.  As Defendant notes, if Plaintiff is able to prove that

Defendant unreasonably delayed payment of Plaintiff's claim for UIM benefits, Plaintiff

is entitled to two times the covered benefit, or $50,000, *plus* reasonable attorneys' fees.

C.R.S. § 10-3-1116(1).  Plaintiff's Complaint acknowledges this result and specifically

demands attorneys' fees in addition to two times the covered benefit.  (ECF No. 3 at 7.)

The Complaint further alleges that Defendant breached the common law duty of good

faith and fair dealing.  If proven, Plaintiff could recover damages for "emotional distress;

pain and suffering; inconvenience; fear and anxiety; and impairment of the quality of

life."  *Goodson v. Am. Standard Ins. Co. of Wis.*, 89 P.3d 409, 415 (Colo. 2004).

"The Supreme Court has long held that when a statute permits recovery of

attorney's fees a reasonable estimate may be used in calculating the necessary

jurisdictional amount in a removal proceeding based upon diversity of citizenship."

*Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998).  Defendant estimates

that if Plaintiff proceeds to trial and prevails on his claim under § 10-3-1115, Plaintiff

could incur, and recover under § 10-3-1116, a minimum of $25,000 in attorneys' fees.

(ECF No. 20 at 4.)  *See also Delta-Montrose Elec. Ass'n v. Rosing*, 2011 WL 5313959,

at \*2 (D. Colo. Nov. 1, 2011) ("The attorney's estimate here is 'reasonable' in the sense that if this litigation were to go forward with full bore litigation, complete with substantial discovery, motion practice, trial preparation, and trial, both sides' attorney's fees could exceed $20,000.").

The Court finds Defendant's estimate to be reasonable, particularly in light of the Court's experience that while many unreasonable delay cases against insurers do settle, a not insignificant number of them do go to trial.  Furthermore, Plaintiff does not dispute that its claim for Defendant's breach of the covenant good faith and fair dealing remains viable, and could lead to a variety of non-economic damages.  Even nominal recovery for Defendant's alleged bad faith, coupled with an attorneys' fees award, would push the amount in controversy over the jurisdictional threshold.  The Court accordingly finds that Defendant has adduced jurisdictional facts that show, by a preponderance of the evidence, that the amount in controversy here could likely exceed $75,000.

### III.  CONCLUSION

For the foregoing reasons, the Court ORDERS that Plaintiff's Motion to Remand (ECF No. 14) is DENIED.

Dated this 30th day of September, 2015.

BY THE COURT:

William J. Martinez
United States District Judge